Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
Tel:  602.753.2933
Fax:  855.592.5876
Email: isaac@hdezlawfirm.com
*Attorney for Cinthya Ramirez*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cinthya Ramirez,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Design Plastering, Inc., an Arizona corporation, Design Plastering West, LLC, a New Mexico corporation, Construction Group Staffing, LLC, an Arizona corporation, and Ramon Carrasco, an individual,<br><br>　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT** |

**COMES NOW** Plaintiff Cinthya Ramirez ("Plaintiff") in support of her Complaint against Defendants Design Plastering, Inc. ("Defendant DPI"), Design Plastering West, LLC ("Defendant DPW"), Defendant Construction Group Staffing, LLC ("Defendant CGS"), and Defendant Ramon Carrasco ("Defendant Carrasco"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.　Plaintiff asserts claims against Defendants DPI, DPW, and CGS under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), for injuries resulting from unlawful conduct, including but not limited to: (1) subjecting Plaintiff to unlawful sexual harassment, (2) a hostile working environment, and (3) retaliation.

2. Plaintiff asserts claims against Defendant Carrasco for injuries resulting from his unlawful conduct, including but not limited to: (1) assault and battery, and (2) intentional infliction of emotional distress.

3. Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and such further relief as the Court deems just and proper under the circumstances.

**PARTIES**

4. Plaintiff Cinthya Ramirez has at all times relevant to this matter been a resident of Maricopa County, Arizona.

5. Defendant DPI has at all time relevant to this matter been an Arizona corporation doing business in Arizona.

6. Defendant DPW has at all times relevant to this matter been a New Mexico company doing business in Arizona.

7. Defendants DPI and DPW provide stucco and plastering services in Arizona.

8. Upon information and belief, Defendants DPI and DPW shared common ownership and management during the relevant time period.

9. Upon information and belief, Defendants DPI and DPW are owned, in whole or in part, by Brian Holliday.

10. Defendant Carrasco has at all times relevant to this matter been a resident of Maricopa County, Arizona.

11. Defendant CGS has at all times relevant to this matter been an Arizona corporation doing business in Arizona.

12. Upon information and belief, Defendant CGS provides human resources and other payroll services to Defendants DPI and DPW.

13. Defendants DPI, DPW, and CGS were joint employers during the relevant time period.

14. Defendants DPI, DPW, and CGS were part of a single integrated enterprise

during the relevant time period.

15. During the relevant time period, Defendant Carrasco was a Senior Superintendent, and acted on behalf of Defendants.

## JURISDICTION AND VENUE

16. This Court has personal and subject matter jurisdiction over the parties and issues in this Complaint, pursuant to 28 U.S.C. §1331.

17. Jurisdiction over Plaintiffs' state law claims is conferred on this Court pursuant to 28 U.S.C. §1367.

18. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b), because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, in Maricopa County, Arizona.

## FACTUAL BACKGROUND

19. Plaintiff began working for Defendants in 2014.

20. Plaintiff's last position was Labor Worker.

21. Plaintiff's work performance has always been satisfactory.

22. Plaintiff experienced sexual harassment since the beginning of her employment.

23. In the last year of her employment Plaintiff began experiencing an increased level of sexual harassment and offensive behavior from Defendant Carrasco.

24. Defendant Carrasco, who worked as a Senior Superintendent, regularly assigned Plaintiff's work.

25. Throughout Plaintiff's employment, Defendant Carrasco made Plaintiff aware of sexual dreams he had about her.

26. Throughout Plaintiff's employment, Defendant Carrasco tried discussing with Plaintiff what he does to females during sex.

27. Throughout Plaintiff's employment, Defendant Carrasco has made offensive comments to Plaintiff about Plaintiff's physical appearance.

28. On or about June/July 2019, Defendant Carrasco came from behind and

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933

grabbed Plaintiff's buttox while she was bent over working.

29. Plaintiff consistently told Defendant Carrasco that his behavior was unwanted.

30. On or about August 30, 2019, Defendant Carrasco was showing Plaintiff pictures of his friend's new truck. While sliding through the pictures on his phone, Defendant Carrasco purposely stopped at a picture of his penis. Plaintiff complained to Defendant Carrasco he laughed at Plaintiff and ignored her complaint.

31. On September 6, 2019, Plaintiff reported to Defendant Carrasco that she fell off the fourth floor of the scaffold and was lucky enough to be caught by a co-worker who was underneath. Plaintiff explained that the scaffold was not installed properly, which caused her accident. In that same meeting, Plaintiff also complained about Defendant Carrasco's offensive behavior and harassment.

32. Defendant Carrasco terminated Plaintiff's employment at the September 6 meeting, stating he was tired of women complaining about unimportant things.

33. In the weeks and months prior to her termination, Plaintiff complained to supervisors and managers about unfavorable treatment and Defendant Carrasco's offensive behavior towards Plaintiff and other female employees.

34. Plaintiff's complaints were consistently ignored and dismissed.

35. By way of example, on more than one occasion, after Plaintiff complained about Defendant Carrasco's behavior to Safety Director Rodrigo Espinoza, Mr. Espinoza would flatly refuse to take any action, and he would direct Plaintiff to resolve her concerns directly with Defendant Carrasco.

36. Upon information and belief, Defendants were aware of Defendant Carrasco's offensive behavior towards Plaintiff and other female employees, and took no actions to investigate or prevent Defendant Carrasco's offensive behavior.

37. Defendants retaliated against Plaintiff and terminated her employment because she complained about Defendant Carrasco's sexual harassment and otherwise offensive behavior.

38. Plaintiff filed an administrative charge against Defendant DPI with the Arizona Civil Right Division alleging, retaliation, discrimination (sex), and sexual harassment (ACRD Charge No. CRD-2019-0835), which was concurrently filed with the U.S. Equal Employment Opportunity Commission (EEOC Charge No. 35A-2-2-00073).

39. On or around May 14, 2020, Plaintiff filed an administrative charge against Defendant DPW with the EEOC alleging retaliation, discrimination (sex), and sexual harassment (EEOC Charge No. 540-2020-03137).

40. On or around May 14, 2020, Plaintiff filed an administrative charge against Defendant CGS with the EEOC alleging retaliation, discrimination (sex), and sexual harassment (EEOC Charge No. 540-2020-03144).

41. No more than 90 days have passed since Plaintiff received her Notice of Right to Sue from the EEOC for administrative charges she filed against Defendants.

### FIRST CAUSE OF ACTION
### Title VII-Sexual Harassment/Hostile Working Environment
### Against Defendants DPI, DPW, and CGS

42. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

43. During the course of Plaintiff's employment with Defendants, Plaintiff was subject to sexual harassment and a hostile working environment in violation of Title VII.

44. Upon information and belief, employees, supervisors, and managers of Defendants were not provided with any written policy prohibiting discrimination and harassment in the workplace.

45. Upon information and belief, employees, supervisors, and managers of Defendants were not provided with any training regarding policies prohibiting discrimination and harassment in the workplace.

46. Upon information and belief, Defendant's managers and owners knew or should have known of Defendant Carrasco's propensity for offensive conduct,

- 5 -

including but not limited to his sexual harassment of Plaintiff and other female employees, and failed to take necessary measures to prevent such misconduct.

47. The sexual harassment Plaintiff suffered was sufficiently severe and pervasive so as to interfere with Plaintiff's work.

48. The sexual harassment Plaintiff suffered was sufficiently severe and pervasive so as to create an intimidating, hostile, and offensive working environment.

49. Defendants, through their supervisors, managers, and other agents, failed to adequately supervise, control, discipline, and/or otherwise penalize employees who engaged in unlawful sexual harassment and discrimination.

50. Defendants, through their supervisors, managers, and other agents, failed to take all reasonable and necessary steps to eliminate unlawful sexual harassment and discrimination from the workplace, and to prevent it from occurring in the future.

51. Defendants violated Plaintiff's rights under the Title VII by terminating her employment.

52. As a direct and proximate result of Defendants' violation of Plaintiff's rights under Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

53. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

///

///

///

**SECOND CAUSE OF ACTION**

**Title VII-Retaliation**

**Against Defendants DPI, DPW, and CGS**

55. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

54. During the course of Plaintiff's employment with Defendants DPI, DPW and CGS, Plaintiff was retaliated against in violation of Title VII and subjected to less favorable terms and conditions of employment than similarly situated employees because she complained about unlawful discrimination and harassment.

55. Defendant further violated Plaintiff's rights under the Title VII by terminating her employment after she notified several supervisors and managers, including but not limited to Defendant Carrasco and Espinoza.

56. As a direct and proximate result of Defendants' violation of Plaintiff's rights under Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

57. Defendants' unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**Assault and Battery**

**Against All Defendants**

58. Plaintiff incorporated by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

59. Defendant Carrasco offensively touched Plaintiff, against Plaintiff's

- 7 -

will and without her consent.

60. By doing so Defendant Carrasco committed assault and battery against Plaintiff.

61. As a direct and proximate result of Defendant Carrasco's offensive contact, Plaintiff has suffered damages, including but not limited to, lost wages, benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

62. Defendant Carrasco's conduct described herein was willful, wanton, malicious, and in reckless disregard of Plaintiff's rights. Accordingly, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

63. Defendant DPI, DPW, and CGS are liable for Defendant Carrasco's conduct toward Plaintiff under the theory of *respondeat superior*.

## FOURTH CAUSE OF ACTION
## Intentional Infliction of Emotional Distress
## Against All Defendants

64. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if specifically set forth herein.

65. Defendant engaged in the foregoing acts, including but not limited to those acts specifically mentioned in Plaintiff's First, Second and Third Causes of Action, with the intent and purpose of inflicting emotional distress upon Plaintiff.

66. A reasonable person would have known that engaging in such conduct would result in the infliction of emotional distress.

67. Defendant Carrasco's actions were of such a nature as to be considered outrageous and intolerable in that they offend against generally accepted standards of decency and morality.

68. As a direct and proximate result of Defendant Carrasco's outrageous

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933

conduct, Plaintiff has suffered emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life.

69. The acts of Defendant Carrasco's described herein were willful, wanton, malicious, and in reckless disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

70. Defendant DPI, DPW, and CGS are liable for Defendant Carrasco's conduct toward Plaintiff under the theory of *respondeat superior*.

**WHEREFORE**, Plaintiff prays for relief against Defendants, jointly and severally, as follows:

A. Award Plaintiff back pay, front pay, and any other available compensatory damages, as may be determined at trial;

B. Award Plaintiff general damages for her emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of enjoyment of life, as may be determined at trial;

C. Award Plaintiff punitive damages as may be determined at trial;

D. Order Defendants to pay reasonable attorney's fees and costs;

E. Order Defendants to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

F. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

G. Order all other relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully submitted this 16th day of November 2020.

                              Hernandez Law Firm, PLC


                              By:  /s/ Isaac P. Hernandez
                                    Isaac P. Hernandez
                                    Attorney for Plaintiff

Hernandez Law Firm, PLC
5330 N. 12th St.
Phoenix, Arizona 85014
602.753.2933